UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                               Case No. 12-cr-40012-JPG-01

SHANA L. EWING,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Shana L. Ewing's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel (Doc. 237).   As a basis for relief, she cites recent caselaw from the Seventh Circuit regarding selecting conditions for her term of supervised release.   *See United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015) (requiring judges to evaluate and articulate the sentencing factors listed in 18 U.S.C. § 3553(a) when imposing conditions of supervised release).

The Court cannot reduce Ewing's sentence under § 3582(c)(2).   That provision allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   Ewing does not rely on the Sentencing Commission's lowering of her sentencing range (the Court has already reduced her sentenced on that basis) but instead on caselaw from the Seventh Circuit Court of Appeals, so § 3582(c)(2) does not apply to her pending request.   Accordingly, the Court **DENIES** her motion for a sentence reduction and for appointment of counsel (Doc. 237).

Ewing also suggests the Court should vacate her sentence and/or dismiss her case because the Court somehow improperly participated in the plea negotiations that led to her conviction.

Vacating a sentence may only be obtained at this point in Ewing's case through a motion under 28 U.S.C. § 2255, and her vague allegations of a constitutional violation in her pending motion do not even remotely state a basis for § 2255 relief.   However, the Court **DIRECTS** the Clerk of Court to send Ewing a § 2255 form should she wish to use it to file a § 2255 motion.   The Court cautions Ewing that, with few exceptions, a § 2255 motion must be filed within a year of when a sentence becomes final, and Ewing appears to be well past that deadline.

**IT IS SO ORDERED.**
**DATED:   September 14, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**